UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

-------------------------------------------------------x
CHRISTOPHER LITOWCHAK,  )
    acting on behalf of infant children,  )
    M.L. and A.L.,  )
                                       Petitioner,  )
                                          )        Civil Action No.: 2:15- CV-185
    -against-  )
                                          )
ELIZABETH LITOWCHAK,  )
                                          )
                       Respondent.  )
-------------------------------------------------------x

**AFFIDAVIT OF PETITIONER CHRISTOPHER LITOWCHAK IN SUPPORT OF PETITIONER'S MOTION FOR LEAVE TO FILE AN AMENDED PETITION**

Christopher Litowchak deposes and states:

1. I am the Petitioner in the above-captioned matter. I make the following statements based on personal knowledge and in support of my Motion for Leave to File an Amended Petition.

2. On or about February 28, 2015, Alan Betts purchased plane tickets for the removal of Elizabeth, Matilda, and Angus Litowchak from Australia to Singapore and arranged for them to stay with a personal friend of Alan Betts. The actual flight date was March 3, 2015.

3. On or about March 3, 2015, Alan Betts purchased plane tickets for Elizabeth, Matilda and Angus Litowchak to transit from Singapore to New York, USA. The actual flight date was March 5, 2015.

4. On or about March 8, 2015, Alan Betts contacted John Reid, the Chief Executive Officer of Petitioner's Employer, OMSA, to demand reimbursement for the flights he paid for to remove Elizabeth, Matilda, and Angus Litowchak from Australia.

5. On or about March 9, 2015, Alan Betts sent related travel invoices as well as a Police Report from Western Australian police, a case that was dismissed due to lack of evidence, to Mr.

1

Reid for the purpose of again demanding reimbursement of the above-referenced travel expenses and for discrediting me to my employer company and its CEO.

6. On or about March 12, 2015, I contacted Alan Betts via telephone after being called into a conference with OMSA CEO John Reid and Ben Mathews, the General Manager of Employee Relations at OMSA. At that conference, for the first time since February 28, 2015, I learned of the actual whereabouts of my children.

7. It was during this telephone call with Alan Betts that Mr. Betts admitted that he was housing Respondent Elizabeth Litowchak and the children.

8. On or about March 13, 2015, Alan Betts once again contacted OMSA CEO John Reid, this time by email, again demanding payment for the above-referenced travel expenses and also sent to Mr. Reid invoices for personal items shipped for Elizabeth, Matilda, and Angus at the time of their removal from Australian.

9. On or about March 13, 2015, Alan Betts emailed me with bank details demanding money.

10. On or about April 8, 2015, I sent Alan Betts an email demanding the return of the children to Australia.

11. On or about April 10, 2015, I contacted the Pittsford, Vermont Police Department seeking a welfare check of the children because I had not heard from them in weeks.

12. On or about April 12, 2015, I received an email from the Pittsford, Vermont Police Department stating that a welfare check had been conducted of the children, that they were told by Alan Betts that the children were sleeping, and that they did not investigate further. Upon information and belief, Alan Betts provided false information to the Pittsford Police Department in a further attempt to conceal the children from me and in furtherance of the wrongful retention of the children because at that time of the welfare check the children were not at Alan Betts' residence, but instead were living in an apartment with Elizabeth Litowchak.

13. On or about May 4, 2015, Alan Betts again contacted OMSA CEO John Reid via telephone again demanding repayment for tickets and expenses that Alan Betts claims he incurred while facilitating the removal of Elizabeth, Matilda, and Angus Litowchak from Australia.

14. On or about May 11, 2015, Alan Betts again contacted OMSA CEO John Reid via email, again demanding payment for expenses that Alan Betts claims he incurred while facilitating the removal of Elizabeth, Matilda, and Angus Litowchak from Australia.

15. On or about August 21, 2015, Alan Betts wrongfully contacted the Family Court of Western Australia in an attempt to undermine me before that body. In doing so, Mr. Betts provided false information to the Court, incorrectly identified documents and omitted other documents. The Western Australia Court informed Mr. Betts that his conduct was wrongful informing him that all correspondence to the Court must be copied to all parties, that Mr. Betts had failed to copy me and so the Court was forwarding Mr. Betts' correspondence to me. The Court also informed that Mr. Betts that "no further action to [his] letter [was] required" because Mr. Betts was not a party to the Western Australian Family Court action.

16. On or about August 26, 2015, Alan Betts again contacted OMSA CEO John Reid by email demanding that the Company enforce a child support application that Mr. Betts wrongfully insisted was a child support order and again defamed me to my employer stating that I had refused to pay child support.

17. On or about August 26, 2015, OMSA General Manager of Employee Relations Ben Mathews contacted Alan Betts informing him that the document Mr. Betts claimed was a Child Support Order was not an Order, and stated that the company had no role at that point in the matter between Elizabeth Litowchak and me.

18. In sum, Alan Betts actively participated in the wrongful removal and retention of the children from Australia to Vermont by undertaking acts that included, but were not limited to, planning and purchasing airline tickets for Respondent Elizabeth Litowchak and the children,

3

arranging and housing them for a period of time, and participating in the concealment of their location from me.

I declare under penalty of perjury that the foregoing is true.

Dated: November 2, 2015

Christopher Litowchak