U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 NOV 20  PM 3: 55

CLERK
BY_____
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CHRISTOPHER LITOWCHAK )
Acting on behalf of infant children, )
M.L. and A.L., )
    )
Petitioner, )
    )
v. ) Case No. 2:15-cv-185
    )
ELIZABETH LITOWCHAK, )
    )
Respondent. )

**ENTRY ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND THE PETITION TO ADD ALAN BETTS AS A RESPONDENT**
(Doc. 33)

Pending before the court is Petitioner Christopher Litowchak's motion for leave to amend the Petition to add Dr. Alan Betts, Respondent Elizabeth Litowchak's father, as a respondent. (Doc. 33.) The proposed Amended Petition includes allegations related to Dr. Betts's participation in the alleged abduction of Petitioner's and Respondent's children (hereinafter "the children"). Respondent opposes the motion, arguing that the proposed amendment is futile because Petitioner lacks standing to sue Dr. Betts. The court took this matter under advisement on November 16, 2015.

Petitioner is represented by Gary R. von Stange, Esq. and Robert D. Arenstein, Esq. Respondent is represented by Tristram J. Coffin, Esq. and Merritt S. Schnipper, Esq.

**I.    Factual and Procedural Background.**

On August 13, 2015, Petitioner filed a Petition alleging claims under the Convention on the Civil Aspect of International Child Abduction, Oct. 25, 1980, 19 I.L.M. 1501(hereinafter the "Hague Convention"), and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001-9011 (hereinafter "ICARA"). He contends that Respondent abducted the children by moving them from Australia to the United States

without Petitioner's consent. Petitioner seeks, among other things, an order "directing that the children shall be returned to . . . Australia[.]" (Doc. 1 at 8, ¶ 4.)

On November 1, 2015, after "negotiations broke down and resolution was not forthcoming," Petitioner filed his notice of motion for leave to amend the Petition. (Doc. 33-2 at 8.) In support of his motion, Petitioner describes Dr. Betts's alleged "role in the removal and retention of the Litowchak children." *Id.* at 2. Petitioner claims that Dr. Betts purchased plane tickets for Respondent and the children to leave Australia. He alleges that thereafter Dr. Betts contacted Petitioner's employer on multiple occasions seeking reimbursement for expenses related to the children, including the plane tickets that facilitated their removal from Australia. Petitioner also asserts that Dr. Betts arranged and provided housing for Respondent and the children after they left Australia, and that Dr. Betts concealed the children's location from Petitioner.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Second Circuit has held that a Rule 15(a) motion "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and . . . prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (internal quotation marks omitted). An amendment is futile if it results in a claim that cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6). *See Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Ger.*, 615 F.3d 97, 99 (2d Cir. 2010) (holding that "leave to amend would be futile" when the amended complaint fails to "provid[e] a basis for subject matter jurisdiction"); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). "Keeping in mind the principle that leave to amend should be freely given, it is the non-moving party's burden to demonstrate that leave to amend should be denied." *Arroyo v. Milton Acad.*, 2011 WL 65938, at *1 (D. Vt. Jan. 10, 2011) (internal quotation marks omitted).

2

### B.    Whether a Decision Against Dr. Betts Will Remedy Petitioner's Alleged Injury.

Respondent argues that Petitioner's proposed amendment is futile because Dr. Betts does not have legal or physical custody of the children, and therefore the court cannot provide "the sole remedy available under ICARA: an order directing Dr. Betts to remove the children from the United States and return them to Australia." (Doc. 40 at 4.)

The doctrine of standing derives from Article III of the Constitution, which limits federal courts' jurisdiction to "[c]ases" and "[c]ontroversies[.]" U.S. Const. art. III, § 2. "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a *likel[ihood] that the injury will be redressed by a favorable decision.*" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (emphasis supplied and internal quotation marks omitted). The Second Circuit has explained:

> Redressability is the non-speculative likelihood that the injury can be remedied by the requested relief. . . . [I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. . . . Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court.

*Coal. of Watershed Towns v. EPA*, 552 F.3d 216, 218 (2d Cir. 2008) (citations and internal quotation marks omitted).

The Hague Convention and ICARA provide remedies beyond orders requiring the return of a child. *See* 22 U.S.C. § 9003(h) ("The remedies established by the [Hague] Convention and this chapter shall be in addition to remedies available under other laws or international agreements."); 22 U.S.C. § 9004(a) ("In furtherance of the objectives . . . of the [Hague] Convention . . . [the] court . . . may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition."). The Second Circuit has observed that the Hague Convention "was especially aimed at the unilateral removal or retention of children *by those close to them*, such as parents, guardians, or *family members*." *Gitter v. Gitter*, 396 F.3d 124, 129 (2d Cir.

3

2005) (emphasis supplied). Indeed, the Hague Convention does not limit responsibility "for the removal or retention of a child" to "acts exclusively [done by] one of the parents . . . [but instead] hold[s] a wide view which would, for example, allow removals by a grandfather . . . to be characterized as child abduction, in accordance with the [Hague] Convention's use of that term." Elisa Pérez-Vera, *Hague Convention on the Civil Aspects of International Child Abduction: Explanatory Report*, ¶ 81, *in* 3 Acts and Documents of the Fourteenth Session 426, 451 (1982); *see also Guzzo v. Cristofano*, 719 F.3d 100, 106 n.4 (2d Cir. 2013) ("We have repeatedly observed that the Pérez-Vera Report is an authoritative source for interpreting the [Hague] Convention's provisions.") (internal quotation marks omitted).

Dr. Betts has a close familial relationship with the children, and the allegations in Petitioner's proposed Amended Petition concern Dr. Betts's role in the removal of the children from Australia and their alleged concealment from Petitioner. Dr. Betts's actions are therefore clearly within the scope of actions addressed by the Hague Convention. *See Gitter*, 396 F.3d at 129. Moreover, the court may redress those allegedly unlawful actions by granting appropriate remedies in addition to the return of the children to Australia. *See* 22 U.S.C. § 9004(a); *see also Coal. of Watershed Towns*, 552 F.3d at 218 ("Redressability is the non-speculative likelihood that the injury can be remedied by the requested relief.") (internal quotation marks omitted). Among other remedies, the court may order an injunction requiring Dr. Betts to cease the "further removal or concealment" of the children. 22 U.S.C. § 9004(a). Additionally, to the extent Dr. Betts committed the abduction of the children, he may be liable for Petitioner's expenses. *See* 22 U.S.C. § 9007(b)(3) ("Any court ordering the return of a child pursuant to an action brought under [§] 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner[.]").

Respondent has thus failed to demonstrate that amendment would be futile. Absent such a showing, leave to amend should be freely granted. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason[]such as . . . futility of the amendment, []the leave sought should, as the rules require, be 'freely

4

given.'"). Petitioner's motion for leave to amend the Petition (Doc. 33) is therefore GRANTED.

## CONCLUSION

For the reasons stated above, the court GRANTS Petitioner's Motion for Leave to Amend the Petition to Add Alan Betts as a Respondent (Doc. 33).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 20th day of November, 2015.

Christina Reiss, Chief Judge
United States District Court